# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER E. ROSS,<br><br>      Plaintiff,<br><br>v.<br><br>JEREMIAH JACKS, RANDELL SMITH, JAMES HUTCHINSON, PATRICK PAJOT, MICHAEL WASHINGTON, and HAROLD THOMAS,<br><br>      Defendants. | Case No. 19-CV-496-JPS<br><br>**ORDER** |

   Plaintiff Christopher E. Ross, who is incarcerated at Waupun Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $4.17. 28 U.S.C. § 1915(b).

   The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was arrested by Defendants, Milwaukee police officers, in February 2015. (Docket #1 at 2). He was not brought before a judge for a determination as to the existence of probable cause to detain him. *Id.* at 3. Instead, the determination was made *ex parte* by a court commissioner using a standard form, called a CR-215, employed by city police officers for that purpose, as well as affidavits from the officers themselves. *Id.* Plaintiff contends that his right to counsel attached at the time the probable cause determination was made using the CR-215 form. *Id.* He was not, however, provided counsel at that time or allowed to retain an attorney. *Id.* at 2–3.

Plaintiff was forced to participate in a lineup related to his alleged crime without counsel present. *Id.* at 3. He complains that the lineup was suggestive, stating that the witness had separately told the officers that the suspect was white, but she identified Plaintiff in the lineup, though he is black. *Id.* at 3–4. Plaintiff sole constitutional claim is that Defendants violated his Sixth Amendment right to counsel by forcing him to participate in the suggestive lineup without counsel present, and after his right to counsel had already attached. *Id.* at 5.

This Court recently dealt with an identical case. There, Jamey Jackson ("Jackson") made precisely the same claims regarding use of a CR-215 form and a subsequent lineup against Milwaukee police officers.[1] *Jackson v. Devalkenaere*, No. 18-CV-446-JPS, 2018 WL 2208360, at *2 (E.D. Wis. May 14, 2018) (*"Jackson I"*). The Court allowed Jackson to proceed on a Sixth Amendment claim because it appeared that the completion of the CR-215 form did indeed constitute an initial appearance, and thus Jackson's right to counsel attached. *Id.* This analysis comes from *Rothgery v. Gillespie County*, 554 U.S. 191 (2008), which held that the right attaches at the suspect's initial appearance, or a state's equivalent of an initial appearance. The Court did have some misgivings about a potential bar to the suit stemming from the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[A] claim for damages under Section 1983 may not be pursued if its success would necessarily imply the invalidity of a criminal conviction or sentence.").

---

[1] A comparison of the handwriting in Jackson's case and this case suggests that Jackson himself wrote Plaintiff's complaint in this case, and simply had Plaintiff sign it before filing.

More important for present purposes, however, the Court also discussed the application of qualified immunity. *Id.* at *3–4. Qualified immunity protects government officials from liability for damages under Section 1983 to the extent their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Court explained:

> *Rothgery* involved the defendant's appearance at a probable cause and bail hearing before a magistrate wherein the magistrate reviewed an affidavit from a police officer regarding the defendant's arrest. *Rothgery*, 554 U.S. at 196. As the district court in [*United States v. West*, No. 08–CR–157, 2009 WL 5217976, at *8 (E.D. Wis. Mar. 3, 2009)] observed, Milwaukee County's procedure is functionally identical to that challenged in *Rothgery*, save that arrestees in Milwaukee County, including [Jackson], do not appear before the judicial officer while that person makes the probable cause and bond determinations. Because of this factual distinction, can it be said that every reasonable officer would have known that [Jackson's] Sixth Amendment right had already attached by the time of the lineup? Or, is it instead more likely that the officers reasonably believed that physical appearance before a judicial officer marked the start of the prosecution for Sixth Amendment purposes? Whatever the answer, this question is best left for appropriate adversarial development.

*Jackson I*, 2018 WL 2208360, at *4 (citations and quotations omitted).

The defendants in Jackson's case, taking the Court's suggestion, filed a motion for judgment on the pleadings on the basis of qualified immunity. The defendants did not dispute whether Jackson's Sixth Amendment rights were violated. *Jackson v. Devalkenaere*, No. 18-CV-446-JPS, 2019 WL 4415719, at *2 (E.D. Wis. Sept. 16, 2019) ("*Jackson II*"). Instead, they argued that Jackson's right to counsel was not clearly established in May 2014, when

Jackson's arrest, CR-215 probable cause determination, and lineup took place. *Id.*

The Court agreed with the defendants that the right was not clearly established at that time. It noted that only one district court opinion on the matter, *West*, had come down before the events of Jackson's case, and the other relevant opinion, *United States v. Mitchell*, No. 15-CR-47, 2015 WL 5513075, at *4 (E.D. Wis. Sept. 17, 2015), was issued more than a year later. Thus, it could not be said that a Sixth Amendment violation arising from the interplay of the CR-215 form and a subsequent lineup was "so obvious that a reasonable state actor would know that what they are doing violates the Constitution." *Siebert v. Severino*, 256 F.3d 648, 654-55 (7th Cir. 2001); *see also Jacobs v. City of Chi.*, 215 F.3d 758, 767 (7th Cir. 2000) (a right is clearly established when there is "controlling Supreme Court precedent," a "clear trend in the caselaw," or "widespread compliance with a clearly apparent law").

The Court was reluctant to apply qualified immunity to Jackson's case at the screening stage. It is not so reluctant here, in light of the development of Jackson's case, and the Court's opinion on the motion for judgment on the pleadings therein. For all of the reasons stated Jackson's screening order, *Jackson I*, 2018 WL 2208360, at *4, and order on the motion for judgment on the pleadings, *Jackson II*, 2019 WL 4415719, at *2–3, the Court will dismiss Plaintiff's identical Sixth Amendment claim on the basis of qualified immunity. As this was Plaintiff's only claim, this action will also be dismissed in its entirety.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice;**

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $345.83, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge